# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50284 | **DATE** | 10/25/2012 |
| **CASE TITLE** | U.S.A. vs. Mark O. Cooper | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court dismisses the § 2255 motion as to all claims, dismisses this cause in its entirety, and does not issue a certificate of appealability.

*Philip G. Reinhard*

■[ For further details see text below.]                                                       Notices mailed by Judicial staff.

## STATEMENT - OPINION

     Mark Cooper, a federal prisoner, filed, on July 30, 2012, a motion pursuant to 28 U.S.C. § 2255. Cooper initially contends that his § 2255 motion, although filed well beyond the applicable one-year limitations period, see § 2255(f), is timely because he only recently learned that a co-defendant's sentence had been vacated and case remanded for resentencing on a basis that is potentially applicable to the present claims in Cooper's case. As to the merits of his claims, he contends that his within Guidelines sentence of 71 months of imprisonment on his bank robbery conviction was erroneous because this court improperly considered both his criminal history and the fact a victim was injured when it determined his ultimate sentence.

     The court will first address the issue of the timeliness of Cooper's § 2255 motion.[1] Current federal habeas corpus prescriptions limit the time for filing a petition to one year. Walker v. Martin, 131 S. Ct. 1120, 1129 (2011). The clock runs, among another things, from the date on which the supporting facts could have been discovered through the exercise of due diligence. Walker, 131 S. Ct. at 1129.

     Here, Cooper contends he did not file his motion earlier because he only recently (July 2012) learned that his co-defendant's sentence was vacated and remanded because, in part, this court had incorrectly imposed an enhancement for an abduction under U.S.S.G. § 2B3.1(b)(4) just as it had done in Cooper's case. Cooper argues discovering this fact allowed him for the first time to raise a claim based on that fact in his own case.[2]

     This contention is meritless on several levels. First, it is apparent that he knew of the potential for such an issue in his own case as he raised it in response to his appellate counsel's Anders motion. See United States v. Cooper, 360 Fed. Appx. 657, 660 (7th Cir. Jan. 20, 2010). Second, as for the issue related to his criminal history, he has not suggested that such an issue was in play in his co-defendant's case. Nor has he argued that there was any reason why he could not have raised that in his direct appeal. Thus, in terms of timeliness, both of Cooper's present claims could have been filed before he ever learned of the outcome of his co-defendant's appeal and well before the expiration of the one-year limitations period.

     Further, Cooper has not shown that even if the result of his co-defendant's appeal would have triggered a new one-year period under § 2255(f)(4) that he acted with due diligence in discovering that "fact." In that regard, he merely argues that he was confined in a prison different than that of his co-defendant which prevented him from learning of the co-defendant's appeal until they were housed at the same institution in July of 2012. Cooper states,

# STATEMENT - OPINION

without any elaboration, that communications between the prisons was "very slow."

This contention fails as Cooper has not substantiated his claim that he took reasonable steps to discover the outcome of his co-defendant's appeal such as checking via the internet, using the prison law library, or having an outside contact such as a family member or friend do so. Nor has he demonstrated that if he had been able to contact his co-defendant sooner that it was likely he would have learned of the outcome of the appeal at that time. It is apparent that Cooper is grasping at straws in an effort to avoid the bar of the one-year limitations period. He has failed to make the required showing of due diligence and, therefore, his reliance on § 2255(f)(4) is misplaced.[3] Accordingly, his motion is barred as untimely.[4]

Even if Cooper's § 2255 motion was timely, it lacks merit in several respects.[5] First, the claim of double counting based on the injury to the victim was raised and rejected on appeal. Thus, the court will not consider it in this § 2255 proceeding. See Perez-Rodriguez v. United States, 2011 WL 3165200, * 6 (N.D. Ill. July 27, 2011) (citing Olmstead v. United States, 55 F. 3d 316, 319 (7th Cir. 1995)). Second, as to the claim of double counting based on Cooper's criminal history, that is a claim that could have been raised on appeal but apparently was not. Accordingly, that claim is waived for purposes of this § 2255 proceeding. See Massaro v. United States, 538 U.S. 500, 504 (2003).[6] Further, such a claim lacks merit as consideration of a defendant's criminal history in determining his criminal history category as well as in assessing his ultimate sentence relative to the applicable Guidelines range under § 3553(a) is entirely proper. See United States v. Aldridge, 642 F. 3d 537, 545 (7th Cir. 2011); see also United States v. Sanders, 2012 WL 4477528, * 4 (6th Cir. Sept. 28, 2012) (consideration of criminal history as to proper category and as basis for upward variance under § 3553(a) does not constitute double counting).

For the foregoing reasons, the court dismisses the § 2255 motion as to all claims and dismisses this cause in its entirety. There being no substantial showing of the denial of a constitutional right for the reasons set forth above, the court does not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22.

---

1. Rule 4 of The Rules Governing Section 2255 Proceedings calls for this court to initially consider a § 2255 motion, and if it appears from the motion, any exhibits, and the record of prior proceedings that the movant is not entitled to relief then the court must dismiss the motion.

2. Cooper does not explain how learning of that issue allows him now for the first time to raise the separate claim based on his criminal history. Thus, that latter claim is time-barred on this separate basis.

3. Curiously, Cooper also refers to a waiver of his § 2255 rights in his written plea agreement. The written plea agreement contains no such waiver in this case.

4. While Cooper does not rely on equitable tolling, it should be noted that concept only applies when circumstances far beyond the petitioner's control prevented him from timely filing, and such relief is granted only sparingly. McAlister v. United States, 2009 WL 5214421, * 2 (E.D. Wisc. Dec. 28, 2009) (citing United States v. Marcello, 212 F. 3d 1005, 1010 (7th Cir. 2000)). There are no such compelling circumstances present in this case.

5. The court notes that claims of misapplication of the Guidelines are generally not cognizable in a § 2255 proceeding. Welch v. United States, 604 F. 3d 408, 412 (7th Cir. 2010). Nonetheless, to be thorough the court will address Cooper's claims.

6. Nor has Cooper pointed to any cause or prejudice for failing to raise the claim in his direct appeal.